**E-FILED**
Wednesday, 22 February, 2006  02:10:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SASAN GHASEDI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 05-1165 |
| | ) | |
| J.R. WALLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# O R D E R

Now before the Court is Petitioner, Sasan Ghasedi's ("Ghasedi"), Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability.  For the reasons stated herein, the Motion for Certificate of Appealability [#23] is DENIED.

I.      Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act of 1996,  28 U.S.C. § 2253 now requires a certificate of appealability in cases arising under 28 U.S.C. § 2254.  A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

In this case, Ghasedi raised only one claim in his § 2254 motion.  Ghasedi argued that the trial court's refusal to grant his motion to suppress was an unreasonable application of the facts of his case.

In reviewing Ghaedi's claim, this Court found that Ghasedi was not entitled to habeas corpus relief because his sole claim was based on an alleged Fourth Amendment

violation and Ghasedi had a full and fair opportunity to litigate his Fourth Amendment claim in the state court.  *See Stone v. Powell,* 428 U.S. 465 (1976).  Moreover, the Court found that Ghasedi informed the state court of his Fourth Amendment claim and the facts giving rise to his claim, that the state court thoroughly analyzed the facts of the claim, and the state court applied the appropriate Constitutional and state law when they applied the law as stated in *Terry v. Ohio,* 392 U.S. 1 (1968).

Ghasedi's main argument was that the state court did not thoroughly analyze the facts of his case because they did not take into account discrepancies in the arresting officer's testimony between the first and the third suppression hearings.  However, this Court found that the trial judge took judicial notice of the testimony provided in the first two suppression hearings, that Ghasedi's counsel was present at the third suppression hearing, that Ghasedi's counsel conducted a thorough cross-examination of the arresting officer at the third suppression hearing, and that Ghasedi's counsel had ample opportunity to impeach the arresting officer with his previous testimony.  Therefore, the Court found that the trial court carefully and thoroughly analyzed the facts of his case and applied them to the appropriate legal standard.  Accordingly, Ghasedi was not entitled to habeas relief because he had a full and fair opportunity to litigate his claim in state court.

Given that Ghasedi has not presented any claims that could be debatable among jurists of reason, he has failed to make a substantial showing of the denial of a constitutional right.  Having found no issue in this proceeding which warrants appellate review, this Court cannot in good faith issue a certificate of appealability for his § 2254 Petition.

**Conclusion**

For the reasons set forth herein, the Court declines to issue a certificate of appealability, and Ghasedi's Motion for a Certificate of Appealability [#23] is DENIED.

ENTERED this 22nd day of February, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 3 -